# UNITED STATES DISTRICT COURT
EVERETT McKINLEY DIRKSEN BUILDING
UNITED STATES COURT HOUSE
CHICAGO, IL 60604

THOMAS G. BRUTON
CLERK

FILED
CLERK, U.S. DISTRICT COURT
NOV - 5 2012
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

OFFICE OF THE CLERK

2:12-mc-475

Papst Licensing GmbH & Co. KG,

Case No.: 11cv238

v.

Tranyoung Technology Corp.,

## CERTIFICATION OF JUDGMENT
## FOR REGISTRATION IN
## ANOTHER DISTRICT

I, Thomas G. Bruton, Clerk of this United States District Court certify that the attached judgment is a true and correct copy of the original judgment entered in this action on 05/24/12, as it appears in the records of this court, and that, no notice of appeal from this judgment has been filed, and any motions of the kinds listed in Rule 4(a) of the Federal Rules of Appellate Procedure has not been filed.

IN TESTIMONY WHEREOF, I sign my name and affix the seal of this Court on October 31, 2012.

Thomas G. Bruton
Court Administrator

By: Nadine Finley
Deputy Clerk

The motions listed in Rule 4(a) of the Federal Rules of Appellate Procedure are motions: for judgment notwithstanding the verdict; to amend or make additional findings of fact; to alter or amend the judgment; for a new trial; and for an extension of time for filing a notice of appeal.

CERTIFIED COPY (Rev. 1/2012)

# United States District Court
### Northern District of Illinois
### Eastern Division

I, Thomas G. Bruton, Clerk of the United States District Court for the Northern District of Illinois, do hereby attest and certify that the annexed document(s) is (are) a full, true, and correct copy of the original(s) on file in my office and in my legal custody.

**IN TESTIMONY WHEREOF:**

I have hereunto subscribed my name and affixed the seal of the foresaid court at Chicago, Illinois, on     OCT 3 1 2012

THOMAS G. BRUTON, CLERK

By: _____
       Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAPST LICENSING GMBH & CO. KG, ) | |
| ) | Civil Action No. 1:11-cv-00238 |
| Plaintiff, ) | |
| ) | Judge Holderman |
| v. ) | |
| ) | Magistrate Judge Cole |
| TRANYOUNG TECHNOLOGY CORP., ) | |
| ) | |
| Defendant. ) | |

## JUDGMENT ORDER

This matter coming before the Court on the Plaintiff's Papst Licensing GmbH & Co. KG ("Papst") Application For Entry of Final Default Judgment And To Prove Up Damages filed by Papst pursuant to Federal Rule of Civil Procedure 55(b)(2). Papst filed a Complaint against Tranyoung Technology Corp. ("Tranyoung") on January 13, 2011. [Dkt. # 1]. Defendant, Tranyoung Technology Corp. ("Tranyoung") filed an Answer and five Counterclaims against Papst in this case on September 8, 2011. [Dkt. # 15]. On November 10, 2011, Tranyoung filed a motion to withdraw its counsel in the above-captioned action. [Dkt. # 37]. On November 15, 2011, the Court granted Tranyoung's counsel's motion to withdraw as counsel for Tranyoung and also ordered Tranyoung to file the appearance of new counsel no later than November 29, 2011, or else the Court would enter default against Tranyoung because Tranyoung is a corporate party. Minute Order (Nov. 15, 2011). Tranyoung did not replace its prior counsel. On December 13, 2011, the Court entered default against Tranyoung. Minute Order (Dec. 13, 2012). The Court having considered the Application, the Declarations and the record in this case and being fully advised in the premises, hereby **FINDS, ORDERS** and **ADJUDGES** as follows:

It is hereby **ORDERED** that:

1

1.  Final default judgment is entered in favor of Papst and against Tranyoung for Counts I and II of Papst's Complaint that alleges that Tranyoung infringed Papst's United States Patents Nos. 5,135,364 (the "'363 Patent") and Reissue No. RE 34,456 (the "'456 Patent") (collectively "Papst's Patents"). In connection with this Judgment the Court hereby FINDS the following: (a) Counts I and II of the Complaint allege Tranyoung has infringed the '364 Patent and the '456 Patent; (b) the '364 Patent and the '456 Patent are owned by Papst; (c) Papst's Patents are valid; (d) Tranyoung has infringed the '363 Patent and the '456 Patent by making, using, offering for sale and selling in the United States Tranyoung's brushless DC axial fans; and (e) Tranyoung has willfully infringed Papst's Patents.

2.  Final default judgment is entered in favor of the Plaintiff and against Tranyoung on Count III of Papst's Complaint that alleges that Tranyoung breached the License Agreement [Dkt. # 32-1]. In connection with this Judgment the Court hereby FINDS the following: (a) Count III of Papst's Complaint alleges that Tranyoung breached the License Agreement [Dkt. # 32-1] which requires Tranyoung to pay certain royalties to Papst for all brushless DC axial fans sold by Tranyoung during the term of the License Agreement; (b) the License Agreement is valid and enforceable; (c) Papst complied with all of its obligations pursuant to the terms of the License Agreement; (d) Tranyoung breached the License Agreement by failing to properly report and pay to Papst royalties owed pursuant to the paragraphs 3 and 9(a) – (c) of the License Agreement; (e) Tranyoung also breached the License Agreement by failing to comply with an audit of Tranyoung that was requested by Papst pursuant to paragraph 9(b) of the License Agreement.

3.  Final default judgment is entered in favor of Papst and against Tranyoung on Tranyoung's Counterclaims for (1) Declaratory Judgment of Non-Infringement; (2) Declaratory

Judgment of Invalidity; (3) Patent Misuse; (4) Declaratory Judgment that Tranyoung has not Breached its Contract with Papst; and (5) Declaratory Judgment that the License Agreement Contains an Illegal and Unenforceable Penalty Provision [Dkt. # 15], and all of these Counterclaims are all DISMISSED WITH PREJUDICE.

4. Papst is entitled to attorney's fees and costs in this action. In connection with this Order the Court hereby **FINDS** the following: (a) Tranyoung willfully infringed Papst's Patents. This is an exceptional case pursuant to 35 U.S.C. § 285; (b) Tranyoung failed to have an attorney represent it in this case after its original attorneys withdrew from this action; (c) Tranyoung failed to prosecute its five Counterclaims against Papst; and (d) Tranyoung failed to produce to Papst relevant discovery in this action in response to Papst's discovery requests.

5. The Court orders that the amount of the Final Judgment on Count III of Papst's Complaint that the Plaintiff shall recover judgment from and against the Defendant is in the total amount of $ 4,182,193.93. This amount consists of: $ 1,717,474.46 for unpaid royalties, $711,349.30 for 5% interest pursuant to Illinois Statute 815 ILCS 205/2, $ 1,717,474.46 for the additional amount owed pursuant to paragraph 9(c) of the License Agreement [Dkt.# 32-1], and $35,895.71 for Papst's costs associated with conducting an audit pursuant to paragraph 9(b) of the License Agreement.

6. The Court orders that the amount of the Final Judgment on Counts I, II and II of Papst's Complaint that the Plaintiff shall recover judgment from and against the Defendant is its attorney's fees and costs in the above-captioned lawsuit in the total amount of $ 212,483.45. This amount consists of: $ 13,202.68 for costs in prosecuting this lawsuit and $ 199,280.77 in attorney's fees. The Plaintiff shall also recover from and against the Defendant the attorney's

fees and costs expended in prosecuting this lawsuit in the month of May in an amount to be determined.

7. The Court hereby **FINDS** that the Court has personal jurisdiction over Defendant, Tranyoung in connection with this lawsuit and the Court has subject matter jurisdiction over the controversy in the Complaint [Dkt. #1]. This finding is based in part on the fact that Tranyoung filed Counterclaims in this action [Dkt. # 15] and that its attorneys' filed appearances on its behalf in this lawsuit [Dkts. ## 12-14]

8. The Plaintiff may proceed with the collection of the judgment.

9. The Court determines that there is no just reason for delay, and expressly directs that this Judgment is a final judgment.

Dated: May 24, 2012

_____
Honorable James F. Holderman
United States District Judge

```
Court Name: U.S. District Court
Division: 2
Receipt Number: LA056881
Cashier ID: llcash
Transaction Date: 11/05/2012
Payer Name: husch blackwell llp
-----------------------------------
MISCELLANEOUS PAPERS
For: husch blackwell llp
Case/Party: D-CAC-2-12-MC-000475-001
Amount:         $46.00
-----------------------------------
CHECK
 Check/Money Order Num: 6496
 Amt Tendered: $46.00
-----------------------------------
Total Due:       $46.00
Total Tendered:  $46.00
Change Amt:      $0.00


No refunds without original
receipt. Returned checks will be
assessed a fee of $53.00.
```